```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JAMES FITZSIMONS and THERESA
FITZSIMONS,

                    Plaintiffs,                              MEMORANDUM AND ORDER
                                                             17-CV-1686
         - against -


METROPOLITAN TRANSPORTATION
AUTHORITY, MTA CAPITAL CONSTRUCTION,
NEW YORK CITY TRANSIT AUTHORITY,
THE LONG ISLAND RAILROAD, and
NATIONAL RAILROAD PASSENGER
CORPORATION D/B/A AMTRAK,

                    Defendants.
----------------------------------------------------------x
```
GLASSER, Senior United States District Judge:

Plaintiffs James Fitzsimons ("Fitzsimons") and Theresa Fitzsimons ("Plaintiffs") brought this personal injury action in the Supreme Court of the State of New York, Queens County, against Defendants Metropolitan Transportation Authority ("MTA"), MTA Capital Construction ("MTACC"), New York City Transit Authority ("NYCTA"), The Long Island Railroad ("LIRR"), and National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"), (collectively "Defendants"), alleging a violation of Section 241(6) of the New York Labor Law ("NYLL"). (ECF No. 1-1 "Complaint"). Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1349, 1441 on the ground that Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, et seq., and the United States owns more than one-half of its capital stock. (ECF No. 1). Pending before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 21). For the reasons explained below, the motion is **DENIED**.

1

**BACKGROUND**

All Defendants are public authorities, with the MTA, MTACC, NYCTA, and LIRR existing pursuant to New York State law and Amtrak existing pursuant to the Rail Passenger Service Act. (Complaint ¶¶ 1-5). While some of the Defendants' involvement in this action is unknown from the parties' submissions, it appears that the MTA is the parent company of the MTACC, which manages the East Side Access Program, including a construction project at Sunnyside Yard in Queens, New York ("Sunnyside Yard Project"). (Exhibit I). As part of the Sunnyside Yard Project, the MTACC hired Fitzsimons' employer, Frontier-Kemper, as the general contractor. (*Id.*). Fitzsimons worked the night shift at the Sunnyside Yard Project and originally claimed, in his workers compensation statement, that he tripped over a step near a tool box and injured his left ankle. (Exhibit G). However, he now claims that instead of tripping over a step, he tripped over a piece of plywood and fell from the top of a Conex box (also known as a shanty) on which he was standing and injured far more than his left ankle. (Exhibit D; Exhibit I; Exhibit H).

Fitzsimons claims that at the time of his accident, it was raining, the worksite was poorly lit, and there was no safety railing or fall protection on the Conex box. (ECF No. 24 at ¶ 20-21). He claims that that Defendants are either the owners or acting as agents to the owners of the East Side Access Project and were responsible for operating, maintaining, supervising, and controlling the safety of the Sunnyside Yard Project. (Complaint ¶¶ 19-38). Defendants claim instead that it was the general contractor's, i.e. Frontier-Kemper's, responsibility to develop a safety plan and oversee the safety of the project. (ECF No. 20 at ¶ 14). They claim that they did not have any representatives on the worksite, but that the MTACC periodically visited the site to "observe the

work that was being performed to make sure that the work was in conformance with the design documents and the shop drawings that are submitted." (Exhibit I).

## LEGAL STANDARD

Summary judgment is appropriate when there are "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). A genuine issue of material fact exists if a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden to demonstrate the absence of a genuine issue of material fact, and the Court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255.

If the summary judgment movant satisfies its initial burden of production, the burden of proof shifts to the non-movant who must demonstrate that a genuine issue of fact does exist. *Id.* at 250. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586. Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admission on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Once the nonmovant has met that requirement, its "allegations [will be] taken as true, and [it] will receive the benefit of the doubt when [its] assertions conflict with those of the movant." *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996).

The Court's role in a motion for summary judgment is one of "issue-finding," not "issue-resolution." *Ramirez v. New York City Bd. of Educ.*, 481 F. Supp. 2d 209, 216 (E.D.N.Y. 2007).

Therefore, the Court's charge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

### I. Fitzsimons' Claims Under NYLL § 241(6) and its Regulations

Section 241(6) of the NYLL provides, in relevant part, "[a]ll contractors and owners and their agents . . . when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements:

> All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work . . . shall comply therewith.

As a threshold matter, the parties dispute whether some of the Defendants are owners or agents of the Sunnyside Yard Project and are therefore subject to liability under Section 241(6). *Nostrom v. A.W. Chesterton Co.*, 15 N.Y.3d 502, 508, 940 N.E.2d 551, 554 (2010) (holding that "owners and contractors may be vicariously liable based on violations of part 23 regulations."). While the Court may deny summary judgment as to those Defendants on that basis alone, the Court will address three of the statute's regulations, under part 23 of the Industrial Code, which Fitzsimons cites as the basis for his claim. (ECF No. 24 at 11, 13).

First, Fitzsimons claims that Defendants violated 12 NYCRR 23-1.7(e)(2), which is a provision for "protection for general hazards" and provides that "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed." Assuming that Fitzsimons became injured by falling from the Conex box, a shack used to either store items or provide an area to change clothing, rather

4

than tripping over a step as he originally claimed, there is a genuine issue of material fact as to whether the top of the box is "an area[] where persons work or pass." Even if it is, there is an issue of fact as to whether the plywood that allegedly caused Fitzsimons to trip (i) is considered "scattered tools and materials" for purposes of this regulation and (ii) should not have been placed on top of the box. Accordingly, Defendants' motion for summary judgment of Fitzsimons' claim under 12 NYCRR 23-1.7(e)(2) is denied.

Second, Fitzsimons claims that Defendants violated 12 NYCRR 23-1.30, which provides that "[i]llumination sufficient for safe working conditions shall be provided wherever persons are required to work or pass in construction, demolition and excavation operations, but in no case shall such illumination be less than 10 foot candles in any area where persons are required to work nor less than five foot candles in any passageway, stairway, landing or similar area where persons are required to pass." As noted above, there is a genuine issue of fact as to whether the top of the Conex box was an area where persons "are required to work or pass." However, even if it was, Defendants claim that there were sufficient sources of artificial illumination that were either adjacent to or attached to the Conex box. (ECF No. 23 at 7). While the photographs submitted by Defendants do show some artificial light source, there is genuine issue of fact as to whether that light source was compliant with this regulation. (Exhibit F). Accordingly, Defendants' motion for summary judgment of this claim is denied.

Third, Fitzsimons claims that Defendants violated 12 NYCRR 23-2.1, which provides

(a) Storage of material or equipment.

(1) All building materials shall be stored in a safe and orderly manner. Material piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare.

> (2) Material and equipment shall not be stored upon any floor, platform or scaffold in such quantity or of such weight as to exceed the safe carrying capacity of such floor, platform or scaffold. Material and equipment shall not be placed or stored so close to any edge of a floor, platform or scaffold as to endanger any person beneath such edge.
>
> (b) Disposal of debris. Debris shall be handled and disposed of by methods that will not endanger any person employed in the area of such disposal or any person lawfully frequenting such area.

While there is no genuine issue of fact as to whether "debris" caused Fitzsimons to fall because he claims he tripped over a piece of plywood, there is a genuine issue of fact as to whether that plywood was stored in accordance with subsection (a) of this regulation. Further, similar to the Court's observation above, there is a genuine issue of fact as to whether the top of the Conex box would be considered a "passageway, walkway, or stairway." Accordingly, Defendants' motion for summary judgment of this claim is denied.

## CONCLUSION

Accordingly, for the reasons explained above, Defendants' motion for summary judgment is **DENIED**.

SO ORDERED.

Dated: Brooklyn, New York
May 28, 2019

/s_____
I. Leo Glasser                    U.S.D.J.